UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARK ALBRIGHT<br>1774 Nichols Road<br>Akron, Ohio 44312<br><br>on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>GENERAL DIE CASTERS, INC.<br>c/o James Mathias<br>2150 Highland Road<br>Twinsburg, Ohio 44087<br><br>    Defendant. | CASE NO.<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff, Mark Albright, by and through counsel, and for a Complaint against Defendant General Die Casters, Inc. ("Defendant") states and alleges the following:

## INTRODUCTION

1.  This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of failing to pay its hourly, non-exempt employees, including Plaintiff, for all hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2.  Plaintiff and other similarly-situated employees are and were employed by Defendant as hourly, non-exempt manufacturing employees including but not limited to cast machine operators, trimmers, quality assurance employees, die casters, set up programmers, furnace operators, and process control technicians.  In violation of the FLSA, Defendant: 1) failed to pay Plaintiff and other similarly-situated employees for work performed before their shift-start times; and 2) failed to pay Plaintiff and other similarly-situated employees for work performed after their shift-end times.

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

**PARTIES**

5. At all times relevant herein, Plaintiff was a citizen of the United States and resident of Summit County, Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

7. At times relevant herein, Defendant maintained its principal place of business in Summit County, Ohio.

8. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

9. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12. Written consents to join this action as to Count I, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

13. Defendant is a manufacturing company that performs die casting, CNC machining, and finishing services.

14. Plaintiff Mark Albright has been employed by Defendant for 16 years.

15. Plaintiff and other similarly-situated employees are and were employed in Defendant's manufacturing facilities in Twinsburg and Peninsula, Ohio.

16. Plaintiff and other similarly-situated employees are and were paid based upon their scheduled shift-start and end times (e.g., 7:00 a.m. to 3:00 p.m.).

### Failure to pay employees for pre-shift work

17. Plaintiff and other similarly-situated employees are and were required to perform work before their shift-start times, including but not limited to changing into required uniforms, obtaining work instructions, consulting with employees on the previous shift, and operating manufacturing equipment ("pre-shift work").

18. The pre-shift work performed by Plaintiff and other similarly-situated employees was an integral and indispensable part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

19. Plaintiff and other similarly-situated employees were not paid for their pre-shift work.

### Failure to pay employees for post-shift work

20. Plaintiff and other similarly-situated employees are and were required to perform work after their shift-end times, including but not limited to changing out of required uniforms, consulting with employees on the next shift, and operating manufacturing equipment ("post-shift work").

21. The post-shift work performed by Plaintiff and other similarly-situated employees

3

was an integral and indispensable part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

22. Plaintiff and other similarly-situated employees were not paid for their post-shift work, unless and until they worked 30 minutes after their shift-end time (the 30 minutes was recently changed to 15 minutes).

### Failure to pay overtime

23. As a result of Plaintiff and other similarly-situated employees not being paid for pre-shift and post-shift work, Plaintiff and other similarly-situated employees were not paid overtime compensation for all hours worked over 40 in a workweek.

### COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff brings Count I of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

25. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All former and current manufacturing employees of Defendant General Die Casters, Inc. at any time between March 5, 2007 and the present.

26. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least 50 persons.

27. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.  In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages.

Plaintiff is representative of those other employees and are acting on behalf of their interests as well as his own in bringing this action.

28. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE
### (Fair Labor Standards Act Violations)

29. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

30. Defendant's practices and policies of not paying Plaintiff and other similarly-situated employees for pre-shift and post-shift work violated the FLSA, 29 CFR § 785.24., 29 U.S.C. §§ 206-207.

31. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. § 207.

32. By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

33. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the class he represents actual damages for unpaid wages and overtime compensation;

D. Award Plaintiff and the class he represents liquidated damages in an amount equal to the unpaid wages and overtime compensation found due to Plaintiff and the class;

E. Award Plaintiff and the class he represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

          Respectfully submitted,

          /s/ Anthony J. Lazzaro
          Anthony J. Lazzaro (0077962)
          The Lazzaro Law Firm, LLC
          920 Rockefeller Building
          614 W. Superior Avenue
          Cleveland, Ohio 44113
          Phone: 216-696-5000
          Facsimile: 216-696-7005
          anthony@lazzarolawfirm.com
          Attorney for Plaintiff

## **JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

      /s/ Anthony J. Lazzaro
      Attorney for Plaintiff